**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>ABC CAPITAL INVESTMENT, LLC,<br><br><br>Debtor. | CHAPTER 7<br><br>CASE NO. 22-13060-AMC |

**MOTION OF GARY SEITZ AS CHAPTER 7 TRUSTEE
FOR SHOW CAUSE ORDER AND ORDER
TO HOLD DEBTOR AND ITS PRINCIPALS IN CONTEMPT**

**TO THE HONORABLE ASHELY M CHAN, UNITED STATES BANKRUPYCY JUDGE**

Gary F. Seitz, Esquire, Chapter 7 Trustee ("Trustee") herein, in the interest of justice, hereby moves this Honorable Court pursuant to Fed. R. Bankr. P. 9020(b), to find Debtor, ABC Capital Investment, LLC, through its three principals identified as Jason Walsh, Amir Vana and Yaron Zer, in contempt of this Court's order dated March 23, 2023 ("Order"), requests that an order to show cause be immediately issued to the contemnors Jason Walsh, Amir Vana and Yaron Zer, that the Court enforce compliance by the contemnors with this Court's Order, by, among other things, imposing daily fines upon them, ordering them to pay additional fees and costs of the Trustee and incarcerate them until they have complied with the Order and in support thereof respectfully sets forth and represents as follows:

1.    On November 15, 2022, a Voluntary Petition under Chapter 7 of Title 11 of the Bankruptcy Code was filed by ABC Capital Investment, LLC (the "Debtor").

2.    On November 15, 2022, Gary F. Seitz was appointed interim trustee.

3.    The Creditors' Meeting under Section 341 of the Bankruptcy Code was scheduled but not held on December 15, 2022 and January 12, 2023 due to the nonappearance of the Debtor.

4.    The Meeting was rescheduled for January 19, 2023.  The Debtor's representative,

5732722-1

Jason Walsh, appeared to testify on the Debtor's behalf.

5. At the meeting, the Trustee learned about the financial records of the Debtor and requested that they be turned over.

6. Specifically, the Trustee requested:

   a. Tax returns

   b. Bank statements

   c. QuickBooks electronic files for the Debtor's accounts.

7. Subsequently, the Trustee requested loan documents for the loan receivables listed in the records obtained by the Trustee:

   a. ABC Capital Realty

   b. ABCapital Chicago

   c. Amir

   d. Dos Dioes

   e. Giovani Holdings

   f. Giovani RE

   g. Jason Walsh

   h. Philadelphia Land Acquisition

   i. Progressive Capital  (collectively ("Loan Documents" collectively with 6a though 6c, the "Records").

8. The Records are property of this bankruptcy estate.

9. While some Records have been provided, not all have been provided to the Trustee.

10. Specifically, the following Records have not been provided:

   a. QuickBooks electronic files for the Debtor's accounts

   b. Tax returns for the years 2020, 2021 and 2022.

   c. Bank statements for 2021 and 2022.

   d. Loan Documents.

  11. The Records are necessary to determine whether any transfers of property or assets occurred prior to the bankruptcy filing.

  12. The trustee has a fiduciary duty to maximize the value of the estate for the benefit of creditors. To fulfill this duty, the trustee must have access to all of the debtor's financial records, including those that are relevant to transfers of property or assets prior to the bankruptcy filing.

  13. The debtor's failure to produce the requested documents and information has hindered the trustee's ability to administer the estate properly, and has prevented the trustee from fulfilling his or her fiduciary duty to the creditors.

  14. The debtor has a legal obligation to cooperate with the trustee and to provide all necessary information and documents, and the failure to do so is a violation of the debtor's duty under the bankruptcy code. Section 521(a)(4) of the Bankruptcy Code obligates the Debtor to turn over all property of the estate and records. The Debtor is obligated to cooperate with the Trustee in the fulfillment of his duties. §521(a)(3).

  15. Under 11 U.S.C. § 542, the trustee has the authority to compel the debtor to turn over any property of the estate. The requested documents and information are property of the estate, and the debtor is obligated to turn them over to the trustee. The Trustee has repeatedly attempted to resolve this matter with the Debtor and counsel for the Debtor, but to no avail.

  16. In order to complete administration of this case, the Trustee needs the Debtor's Records.

17. The March 23, 2023 ("Order") was served on counsel for the Debtor and a copy was mailed to the addresses provided for the Debtor's three principals. Several email messages were sent by the Trustee to counsel for the Debtor.

18. The Debtor and its principals have ignored the Trustee's follow-ups and the court's order compelling the turnover of all the Records.

19. The Debtor and its principals have ignored the court's order directing reimbursement of the Trustee's costs.

20. This Court has jurisdiction to determine this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), and (O).

21. A bankruptcy court's authority to hold a party in contempt derives from several sources, including the inherent authority of any court to regulate the conduct of those appearing before it, 11 U.S.C. §105 (the power to issue orders necessary or appropriate to carry out the Bankruptcy Code). *See In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005) (stating that 11 U.S.C. § 105 provides bankruptcy courts with a contempt remedy), *see, e.g., In re Walters*, 868 F.2d 665 (4th Cir. 1989); *and In re French Bourekas, Inc.*, 175 B.R. 517, 525 (Bankr. S.D.N.Y. 1994).

22. A "bankruptcy court has broad discretion to fashion a remedy for civil contempt" and that "sanctions may include actual damages, attorney's fees, and, when appropriate, punitive damages. Bankruptcy courts may impose regimes of per diem fines that they analogize to confinement. Per diem fines, imposed for each day the "contemnor fails to comply with an affirmative court order … exert a constant coercive pressure" to conform. *See In re Gregg*, 428 B.R. 345 (Bankr. D.S.C. June 9, 2009). Once the contemnor obeys and conforms, he is considered to have purged himself of contempt. *See International Union, United Mine Workers of America*, 512 U.S. at 828 (1994).

23. The standard to establish civil contempt has been described as follows: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (internal quotations omitted); *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995). All elements are established on the record before this court.

24. Here, the Order is clear: it requires that the Debtor and its principals provide specific Records and payment to the Trustee. See *Meyers*, 344 B.R. at 65 ("[A] valid order is one whose terms are specific and definite.") (*citing Close v. Edison (In re Close)*, No. 93–17145DWS, Adv. No. 03–0153, 2003 WL 22697825, at *10 (Bankr. E.D. Pa. Oct. 29, 2003)).

25. The Debtor and its principals were all provided copies of the Order.

26. The Debtor and its principals did not comply with the Order and ignored the Trustee's follow-up seeking compliance.

27. The Trustee and bankruptcy estate are harmed as a result of the contempt.

28. Punishment for civil contempt is coercive, imposed primarily to induce compliance, giving the contemner the opportunity to purge himself or herself of the contempt and secure cessation of the punishment. *In re Shafer*, 63 B.R. 194 Bankr. D. Kan. 1986). The Supreme Court's expression of this principle is that, by compliance with the order, the contemner "carries the keys of his prison in his own pocket." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 498, 31 S. Ct 492, 498, 55 L. Ed. 797 (1911).

29. The Debtor and its principals must be coerced to induce compliance with the court's order compelling the turnover of all the Records. Courts have a range of potential

sanctions to use in enforcing compliance to court orders through civil contempt. For example, imprisonment and daily fines are proper sanctions for civil contempt when the contemnor is able to purge the contempt by committing an affirmative act. *See International Union, United Mine Workers of America*, 512 U.S. at 828 (1994).

30. Fines are commonly imposed. The court may impose a regimen of escalating penalties. For example, if the contemnor pays a fine but still disregards a court order, the court may impose additional fines.

31. Consistent with Fed. R. Bankr. P. 9020(b), the Trustee suggests that the Court immediately issue a show cause order directing the Debtor's counsel and Debtor, ABC Capital Investment, LLC, through its three principals identified as Jason Walsh, Amir Vana and Yaron Zer, to appear at an evidentiary hearing and show cause why they should not be held in civil contempt of court for their failure to comply with the terms of the order dated March 23, 2023.

32. Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure govern contempt proceedings in bankruptcy courts. When a party fails to abide by a court order, another party in the proceeding may move the court to hold the non-compliant party in contempt.

33. A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt. *Wilson v. United States*, 221 U.S. 361, 376 (1911).

34. The Trustee has incurred additional unnecessary expense due to the Debtor's failure to fulfill its obligations and further requests that the court award the Trustee the additional costs and fees incurred in bringing this motion, pursuant to 11 U.S.C. § 330 and the court's inherent

power to control its docket.

35. The Trustee has spent in excess of two hours in time seeking Debtor's compliance with the Order. The Trustee's hourly rate for bankruptcy matters is $500. The Trustee has over 30 years' experience as an attorney and over 20 years' experience as a trustee. The Trustee's rate is well below the rates published by the Community Legal Services ("CLS") as reasonable in cases in which the law allows for the award of attorney's fees from opposing parties in order to compensate CLS for the legal services provided to its clients[1].

WHEREFORE, the Trustee requests that an order, in the form attached hereto, be entered that the Court issue a show cause order directing the Debtor's counsel and Debtor, ABC Capital Investment, LLC, through its three principals identified as Jason Walsh, Amir Vana and Yaron Zer, to appear at an evidentiary hearing and show cause why they should not be held in civil contempt of court for their failure to comply with the terms of the order dated March 23, 2023 and further reimbursing the Trustee an award of costs and fees for additional time and expense compelling the Debtor to fulfill its obligations.

Dated April 13, 2023

/S/ Gary F. Seitz
GARY F. SEITZ
Chapter 7 Trustee
Gellert Scali Busenkell & Brown, LLC
1628 JFK BLVD, STE 1901
Philadelphia, PA 19103
(215) 238-0011
gseitz@gsbblaw.com

---

[1] https://clsphila.org/about-community-legal-services/attorney-fees/